UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BONNIE L. POTTS, | ) | CASE NO.: 5:11CV2120 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on Defendant Michael J. Astrue's (Commissioner) Objections to the Magistrate Judge's Report and Recommendation (R&R). This action was referred to Magistrate Judge George Limbert for a Report on the decision of the Administrative Law Judge (ALJ) to deny Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381 *et seq*. The Magistrate Judge has recommended that the Commissioner's decision denying DIB to the Plaintiff be reversed and remanded back to the ALJ for further factfinding, analysis, and articulation. Defendant timely objected to the Magistrate Judge's R&R.

When a magistrate judge submits an R&R, this Court is required to conduct a *de novo* review of those portions of the Report to which an objection has been made. 42 U.S.C. § 1381(c)(3). This court's review of the ALJ's decision is limited to determining whether substantial evidence, viewing the record as a whole, supports the ALJ's findings. *Hephner v. Matthews*, 574 F.2d 359, 362 (6th Cir. 1978). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Substantial evidence is "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 306 U.S. 197, 229 (1938)).  If substantial evidence supports the ALJ's decision, the decision must be affirmed even if a reviewing court would decide the matter differently. *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).  Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

This "standard allows considerable latitude to administrative decision makers.  It presupposes that there is a 'zone of choice' within which the decision makers can go either way, without interference from the courts.  An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.*  However, in determining whether substantial evidence supports the ALJ's findings, the Court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992).  The Court must also consider whether the proper legal standards were employed.  *Queen City Home Health Care v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

In order for an ALJ to find that a plaintiff suffers from a disability for which he should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).  This inability to engage in substantial gainful activity encompasses both Plaintiff's past

employment and any other work existing in significant quantity in the economy.  42 U.S.C. § 423(d)(2)(A).

In his Objections, Defendant alleges that the Magistrate Judge erred in recommending a remand of the ALJ's decision.  According to Defendant, this is because substantial evidence exists in another section of the ALJ's decision that would support a finding that Plaintiff was not disabled under Listing 1.04A.  That is, Defendant argues that the findings contained in section four of the ALJ's decision cures the deficiencies that allegedly exist in the ALJ's step three analysis.  Defendant also alleges that the Magistrate Judge erred in not finding the ALJ's failure to articulate his Step Three finding a harmless error.

This Court has considered Defendant's objections to the Magistrate Judge's R&R and has conducted a *de novo* review of the record.  This Court concludes that the Magistrate Judge was correct in remanding this case back to the ALJ for a more definite explanation of his finding as to Step Three.  The governing Case Law on this matter is quite clear: "In order to conduct a meaningful review, [the Sixth Circuit] does…require that the written decision makes sufficiently clear the reasons for the ALJ's decision."  *Marok v. Astrue*, No. 5:08CV1832, 2010 WL 2294056, at *3 (N.D. Ohio 2010) (citations omitted).  The ALJ's Step Three analysis in this case lacks specificity and consists solely of a small and conclusory boiler plate paragraph.  As such, substantial evidence did not support the ALJ's Step Three finding.

Defendant insists that the ALJ's inclusion of medical evidence in his Step Four analysis cures the ALJ's inadequate Step Three analysis.  Defendant further alleges that because its brief offered evidentiary support and analysis showing that Plaintiff's back impairment did not satisfy Listing 1.04A, that the ALJ's insufficient Step Three Analysis is somehow rectified.  Both of these arguments must fail.  The fact of the matter is that the ALJ did not include any of these

assertions in his Step Three analysis. Any attempt by this Court to uphold an ALJ's decision because of the presence of existing evidence that the ALJ did not expressly rely upon would be a post hoc rationalization. *See S.E.C. v. Chenery,* 332 U.S. 194, 196 (1947) ("a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency").

Furthermore, this Court agrees that the ALJ's failure to provide analysis for his Step Three conclusion is not harmless error. The Social Security regulations provide that if a person's impairments meet or equal a Listing, the person is disabled under the regulations and would be entitled to benefits with no further analysis required. *See* 20 C.F.R. §404.1520(a)(4); *Reynolds*, 424 Fed. App'x at 416. Although the ALJ discussed some medical evidence in his Step Four analysis, he failed to provide adequate support for his finding that Plaintiff's impairment did not meet or equal a Listing at Step Three.

This Court hereby adopts in its entirety the Magistrate Judge's Report and Recommendation. The ALJ's decision is hereby REVERSED and REMANDED for further factfinding, analysis, and articulation regarding whether Plaintiff's back impairment meets or equals a Listing.

IT IS SO ORDERED.

___November 21, 2012____           __/s/ John R. Adams_____  
DATE                                          JUDGE JOHN R. ADAMS  
                                                 UNITED STATES DISTRICT COURT